UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERRY L. SHIPP,
On Behalf of Themselves and All Others
Similarly Situated, et al.,

Plaintiffs,

v.

NORTON OUTDOOR ADVERTISING, INC., et al.,

Defendants.

Case No. 1:18-cv-444

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

**I.    Background**

Plaintiffs own residential property located close to 130 West Ross Avenue in St. Bernard, Ohio, where two digital outdoor advertising signs ("the Signs") have been erected. The property on which the signs have been erected is allegedly owned by Defendant LAL Properties, LLC ("LAL") and the signs were erected and are operated by Defendant Norton Outdoor Advertising, Inc. ("NOA").[1] Plaintiffs' complaint alleges that the light from the Signs interferes with their enjoyment of their residential property and has adversely impacted the value of that property.

Plaintiffs initially filed their case in the Hamilton County Court of Common Pleas, but Defendants removed it to federal court on June 28, 2018 on the basis of federal question jurisdiction, because the original complaint included substantive and procedural due process claims against the Defendant Village of St. Bernard under 42

---

[1]Plaintiffs' complaint alternatively alleges that another individual, Defendant Flora Byrnes, owns a piece of real properly located at 130 West Ross Avenue, and that it "cannot be ascertained with certainty whether the illegal billboard is located on LAL Properties, LLC's or Flora Byrnes's parcel, each with the given address of 130 West Ross Avenue."  (Doc. 3 at ¶¶13, 18).

U.S.C. § 1983. (*See* Notice of Removal, Doc.1; *see also* Doc. 3, Complaint, Counts IV and V). However, on August 7, 2018, Plaintiffs voluntarily dismissed all claims against the Defendant Village of St. Bernard, thereby dismissing what appears to have been the sole basis for federal jurisdiction. On August 14, 2018, Plaintiffs also voluntarily dismissed their trespass claim, leaving only state law claims for nuisance and for negligence.

Plaintiffs seek both injunctive and monetary relief. Additionally, they seek to bring this case as a putative class action on behalf of themselves and other property owners who may be similarly situated. Currently pending is Defendants' motion to strike the class allegations pursuant to Rule 23, Fed. R. Civ. P. Although Defendants filed their motion to strike on August 29, 2018, briefing was stayed while the parties sought to resolve their dispute through mediation. Last month, when it became clear that no early settlement would be forthcoming, the undersigned directed the parties to complete their briefing on the Defendants' motion to strike the class allegations.

Based upon the lack of any basis to continue federal jurisdiction, the undersigned now recommends that this case be remanded to state court. Following the recommended remand, the pending motion to strike the class allegations should be resolved by the state court. However, should the presiding district judge disagree, the undersigned alternatively recommends that the motion to strike be denied at this time, without prejudice to renew.

**II. Threshold Subject Matter Jurisdictional Issue**

Federal courts are courts of limited jurisdiction. Generally, a suit may be brought in federal court only if there is "federal question" jurisdiction, meaning that a

constitutional provision or a statute gives the court subject matter jurisdiction over the claims alleged in the complaint, or if there is "diversity jurisdiction," meaning that the plaintiff and any defendants reside in different states. *See generally* 28 U.S.C. §§ 1331, 1332. The basis for jurisdiction must be apparent from the face of the complaint. Rule 8(a)(1), Fed. R. Civ. P. It is incumbent upon the district court to raise the question of subject matter jurisdiction *sua sponte* whenever it appears from the pleadings or otherwise that jurisdiction is lacking. *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42 (1908). Not only is a court permitted to raise the issue of its subject matter jurisdiction *sua sponte,* it must do so when a question as to its jurisdiction arises. *Clarke v. Mindis Metals, Inc.,* No. 95–5517, 1996 WL 616677, at *3 (6th Cir.Oct.24, 1996) ("Neither party has raised the jurisdictional issue this case presents, but it is axiomatic that we *must* raise issues of subject-matter jurisdiction *sua sponte"*) (emphasis added) (citing *Community First Bank v. Nat'l Credit Union Admin.,* 41 F.3d 1050, 1053 (6th Cir.1994)).

On the record presented, removal to federal court was proper because this Court had original jurisdiction over the claims filed against the Village of St. Bernard under 42 U.S.C. § 1983, and supplemental jurisdiction over Plaintiffs' closely related state law claims. *See* 28 U.S.C. § 1367. However, Plaintiffs voluntarily dismissed their federal claims soon after the removal of this case, leaving only two remaining state law claims. A federal court retains discretion over whether or not to continue exercising supplemental jurisdiction over state law claims after all federal claims have been dismissed. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009).

The general rule is that a district court should dismiss supplemental state law claims if the federal claims have been dismissed before trial. *Gaff v. Fed. Deposit Ins. Corp.*, 814 F.2d 311, 319 (6th Cir. 1987); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614 n.7 (1988) (recognizing that, in such cases, the balance of interests will usually point toward declining to exercise jurisdiction). When deciding to retain jurisdiction over a state law claim, a district court must consider "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. International College of Surgeons*, 118 S. Ct. 523, 534, 522 U.S. 156, 173 (1997).

The Sixth Circuit has repeatedly cautioned trial courts about the limits of their discretion to retain state law claims after all federal claims have been dismissed.

> Trial courts do possess some discretion to decide a pendent state law claim once the federal basis for jurisdiction is dismissed. A trial court must balance the interests in avoiding needless state law decisions discussed in *United Mine Workers* against the "common sense" policies of judicial economy discussed in *Rosado*, when deciding whether to resolve a pendent state claim on the merits. Through a series of cases following *United Mine Workers*, this circuit has adopted the position that the district courts have minimal discretion to decide pendent state law claims on the merits once the basis for federal jurisdiction is dismissed before trial. *See Service, Hospital, Nursing Home and Public Employees Union v. Commercial Property Services*, 755 F.2d 499, 506 n. 9 (6th Cir. 1985) ("this circuit has moved away from the position that the court has discretion to retain jurisdiction over a pendent state claim where the federal claim has been dismissed before trial."). However, in certain cases, the overwhelming interests in judicial economy may still allow a district court to properly exercise its discretion and decide a pendent state law claim once the federal claim is dismissed before trial.

*Province v. Cleveland Press Pub. Co.*, 787 F.2d 1047, 1055 (6th Cir. 1986). *See also generally, Fox v. Brown Memorial Home, Inc.*, 781 F. Supp.2d 718 (S.D. Ohio 2011)

4

(discussing factors allowing supplemental jurisdiction, and factors required to retain jurisdiction after dismissal of federal claims). On the record presented, none of the relevant factors - judicial economy, convenience, fairness, or comity - favor the retention of supplemental jurisdiction by this Court. No substantial proceedings have occurred in this case. Based upon controlling case law, therefore, this Court should immediately remand to state court.

### III. Alternatively, the Motion to Strike Should be Denied

Citing Rules 23(B)(2) and (3) of the Ohio Rules of Civil Procedure,[2] Plaintiffs seek to pursue their two remaining state law claims on behalf of the following class:

> All owners, renters, and occupants of property in St. Bernard who own and/or reside in property located within a Five Hundred (500) foot radius of the Norton Outdoor Advertising Electronic Variable Message Billboards located at 130 West Ross Avenue, St. Bernard.

(Doc. 3 at ¶83).

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Sandusky Wellness Center, Inc. v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 466 (6th Cir. 2017), *cert. denied,* 138 S.Ct. 1284 (2018) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011)(internal quotation marks omitted). The plaintiff who seeks class certification must "affirmatively demonstrate" compliance with the provisions of Rule 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. at 350. The plaintiff must "satisfy through evidentiary proof" both the four factors listed in Rule 23(a) (numerosity, commonality, typicality, and adequate representation), and at least one of the provisions of Rule 23(b). *Comcast*

---

[2] Rule 23 of the Ohio Rules of Civil Procedure is virtually identical to Rule 23 of the Federal Rules of Civil Procedure and has been interpreted in a manner consistent with federal law.

*Corp. v. Behrend*, 569 U.S. 27, 133 S.Ct. 1426, 1432 (2013). In determining whether to certify a class, the trial court is required to conduct a "rigorous analysis" and "to probe behind the pleadings." *Dukes*, 564 U.S. at 350–51. At the same time, so long as it is exercised within the framework of Rule 23, a trial court retains "broad discretion" in deciding whether to certify a class. *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir.1996) (additional citations omitted).

In the case presented, Plaintiffs allege that the number of class members is so numerous that joinder is impracticable, because of the number of "apartment buildings, multi-family homes, and other non-owner occupied residential dwellings" within a 500 foot radius of the billboards, together with "lessees and landowners of commercial property" who also have had their property "devalued." (Doc. 3 at ¶94). Plaintiffs further allege that they can satisfy the commonality and typicality elements required under Rule 23, because common legal and factual questions "predominate over any individual question affecting Class Members." (*Id*. at ¶ 95). And of course, they generally allege that class counsel is adequate, and that the individual Plaintiffs' interests adequately represent those of the proposed Class. In contrast, Defendants argue that the class allegations should be stricken because the number of purported class members is too small to make joinder impracticable, because the allegations seek to establish an "overly broad" class, because the purported class members are not similarly situated and fail to meet the typicality, adequacy, and commonality requirements, and because a proposed "subclass" constitutes an impermissible "fail-safe" class.

If the presiding district judge finds just cause to retain jurisdiction over the

6

supplemental state law claims, the undersigned alternatively would recommend that Defendants' motion to strike the class allegations be denied at this time, without prejudice to renew. Although the Defendants present serious questions concerning Plaintiffs' ultimate ability to prove the viability of their proposed class, the present motion is limited strictly to an assessment of the allegations made in the complaint. Many courts have stressed the need for caution when evaluating class action allegations prior to any discovery, "because class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Geary v. Green Tree Servicing, LLC*, 105 WL 1286347 (S.D. Ohio Mar. 20, 2015). As another court in this district put it:

> Therefore, "a district court should defer decision on class certification issues and allow discovery 'if the existing record is inadequate for resolving the relevant issues.'" *Bearden v. Honeywell Int'l, Inc.*, 720 F.Supp.2d 932, 942 (M.D. Tenn. 2010) (quoting *In re Am. Med. Sys.*, 75 F.3d 1069, 1086 (6th Cir. 1996)).

*Beck v. Stony Hollow Landfill, Inc.*, 2017 WL 1551216 at *5 (S.D. Ohio May 1, 2017).

### IV. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT this case be REMANDED *sua sponte* to state court** without ruling on the pending motion. Only in the alternative, if remand to state court is rejected by the presiding district judge, does the undersigned recommend that Defendants' motion to strike the class allegations (Doc. 23) be denied, without prejudice to renew following a brief period of discovery to determine the propriety of the proposed class.

<span style="float:right;">*s/ Stephanie K. Bowman*<br>Stephanie K. Bowman<br>United States Magistrate Judge</span>

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JERRY L. SHIPP,<br>On Behalf of Themselves and All Others<br>Similarly Situated, et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>NORTON OUTDOOR ADVERTISING, INC., et al.,<br><br>          Defendants. | Case No. 1:18-cv-444<br><br>Dlott, J.<br>Bowman, M.J. |

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).